Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLYN ANDERSON, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No.: ) |
| PALISADES COLLECTION, LLC, and PRESSLER & PRESSLER, LLP, | ) COMPLAINT AND DEMAND FOR ) JURY TRIAL ) |
| Defendants | ) (Unlawful Debt Collection Practices) |

### COMPLAINT

CAROLYN ANDERSON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PALISADES COLLECTION, LLC, and PRESSLER & PRESSLER, LLP ("Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

- 1 -

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business and has an office in the State of New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in New Brunswick, New Jersey, 07111.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant PALISADES COLLECTION, LLC (hereinafter "PALISADES") is a debt collection company with its principal place of business located at 210 Sylvan Avenue in Englewood Cliff, New Jersey, 07632.

9. Defendant PRESSLER & PRESSLER, LLP (hereinafter "PRESSLER") is a debt collection company with its principal place of business located at 7 Entin Road in Parsippany, New Jersey, 07054.

10. At all relevant times, Defendants PALISADES and PRESSLER each acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), in that each Defendant held itself out to be a company collecting a consumer debt from Plaintiff.

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

12. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many

debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

15. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

16. At all relevant times, Defendants were attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

18. According to court records, PALISADES commenced an action against Plaintiff, under Plaintiff's maiden name "Carol Thomas," in the Superior Court of New Jersey, Middlesex County, to recover for an alleged debt. See Exhibit A, the April 4, 2007, Civil Action Complaint.

19. The Complaint was served by certified mail to address 28 Paulus Boulevard, Apt. 1F, New Brunswick, New Jersey 08901-1522.

20. The Complaint was returned as unclaimed because this was not Plaintiff's address.

21. In April 2007, Plaintiff did not live at 28 Paulus Boulevard, Apt. 1F, New

- 4 -

PLAINTIFF'S COMPLAINT

Brunswick, New Jersey 08901-1522.

22. Plaintiff was never served with a copy of the Complaint, either by mail or in person.

23. Due to the fact that the complaint was never served upon her, Plaintiff had no knowledge that PALISADES was seeking a judgment against her.

24. In 2007, PRESSLER, on behalf of PALISADES, obtained a judgment by default against Plaintiff in the amount of $3,471.05.

25. Plaintiff never received from PALISADES or PRESSLER any written notice of the complaint or that a judgment had been obtained.

26. On or about March 2, 2010, PRESSLER sought to garnish Plaintiff's wages, suspiciously overcoming earlier difficulties in identifying Plaintiff by the correct name and/or correct address and/or correct employer. See Exhibit B, the March 2, 2010, Notice of Application for Wage Execution.

27. PRESSLER's Application for Wage Execution was Plaintiff's first notification that she owed a debt and that there was a judgment against her, which Plaintiff promptly objected to.

28. Thereafter, Plaintiff filed an application to vacate judgment. See Exhibit C, Application to Vacate Judgment.

29. Defendants never notified Plaintiff in accordance with Section 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, that a debt was sought, though Defendants routinely do so in the vast majority of their other collection accounts.

30. Had Defendants not deceptively acted as set forth above, Plaintiff would have been alerted of her right to dispute the debt and/or request verification of the debt, and if she had

owed it, would have made arrangements to pay.

31. Had Defendants provided proper notice of the complaint and default judgment, Plaintiff would have had the opportunity to challenge the amount claimed and the legal obligation to do so.

## CONSTRUCTION OF APPLICABLE LAW

32. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

33. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

34. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous,

and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANTS PALISADES AND PRESSLER
## VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. In its actions to collect a debt, Defendants violated the FDCPA in one or more of the following ways:

   a. Defendants violated of the FDCPA generally;

   b. Defendants violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   c. Defendants violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

   d. Defendants violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

   e. Defendants violated §1692f(1) of the FDCPA by collecting an amount not authorized by an agreement creating a debt;

   f. Defendants violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the

- 7 -

PLAINTIFF'S COMPLAINT

debt;

g. Defendants acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, CAROLYN ANDERSON, respectfully prays for a judgment against Defendants as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CAROLYN ANDERSON, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: January 21, 2010         KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID # AB 0891
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com